UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

KENNETH R. STADT,

        Plaintiff,

    - against -

FOX NEWS NETWORK LLC,

        Defendant.

------------------------------------------------- X

**OPINION AND ORDER**

**09 Civ. 7910 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Kenneth R. Stadt brings this action against Fox News Network ("Fox") claiming (1) copyright infringement, (2) breach of contract, (3) conversion, (4) breach of fiduciary duty and an accounting, (5) deceptive trade practices in violation of section 349 of the New York General Business Law, (6) unjust enrichment, and (7) unfair competition. Fox now moves to dismiss all but Stadt's copyright claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the claims are preempted by section 301 of Title 17 of the United States Code (the Copyright Act), fail to state a claim as a matter of law, or both. For the reasons discussed below, Fox's motion is granted in part and denied in part.

## I.    BACKGROUND

### A.    Facts[1]

Stadt is "the sole and exclusive owner" of a video of Barnard Madoff and his wife ("Video").[2]  The Video, which Stadt registered with the United States Copyright Office,[3] contains footage of the couple on a yacht in Saint Tropez in 2003.[4]  On January 8, 2009, Stadt and Fox entered into a written License Agreement granting Fox an exclusive license to air the Video on the Fox News Channel and Fox Business Network between Jaunary 8 and February 22, 2009.[5] Fox paid Stadt ten thousand dollars for the initial license.[6]  Stadt alleges that Fox also promised to stop using the Video upon expiration of the License Agreement,[7] and that in consideration of this promise and Fox's payment, Stadt allowed Fox to

---

[1]     The facts are drawn from the First Amended Complaint ("Compl.") and two license agreements that are incorporated into the Complaint by reference.

[2]     Compl. ¶ 6.

[3]     *See id.* ¶ 8.

[4]     *See id.* ¶ 6.

[5]     *See id.* ¶ 13.

[6]     *See* License Agreement, Ex. A to 1/8/2010 Affidavit of Amanda Leith, counsel to defendant ("Leith Aff.") ¶ 1.

[7]     *See* Compl. ¶ 14.

show the Video with a "Fox Business Exclusive" credit on the screen.[8]  Indeed,

paragraph thirteen of the License Agreement states, "On all showings of the

[Video] or its contents, Fox News shall place an on screen credit that shall read

'Fox Business Exclusive'."[9]

On March 16, 2009, after the expiration of the License Agreement,

Stadt realized that Fox was continuing to use the Video.[10]  After Stadt forwarded a

cease and desist letter, Stadt claims that Fox acknowledged its ongoing use of the

Video in violation of the License Agreement and requested a new agreement to

extend the license.[11]  On March 24, 2009, the parties entered into a license

extension agreement ("Extension Agreement") that extended Fox's license

through April 30, 2009.[12]  The Extension Agreement's terms were identical to

those of the License Agreement, and Fox paid Stadt fifty thousand dollars for the

extension.[13]

---

[8]     *See id.* ¶ 16.

[9]     License Agreement ¶ 13.

[10]    *See* Compl. ¶ 18.

[11]    *See id.* ¶¶ 19-20.

[12]    *See id.* ¶ 21.

[13]    *See id.* ¶ 22; Extension Agreement, Ex. B to Leith Aff.

3

Stadt alleges that following expiration of the Extension Agreement Fox continued to use the Video.[14] Stadt forwarded a second cease and desist letter on May 18, 2009,[15] and although the Complaint does not allege that Fox continued to use the Video after that point, Stadt claims that Fox has "refused to provide information relative to its illegal and improper use of the [Video]."[16] Specifically, Fox has refused to inform Stadt as to the number of times the Video was downloaded from the Fox Business website and has not revealed how much revenue it received from advertisements shown in connection with the Video on that site.[17]

On September 15, 2009, Stadt sued Fox, alleging copyright infringement and breach of contract.[18] On December 7, 2009, Stadt filed an Amended Complaint that added claims for conversion, breach of fiduciary duty and an accounting, "unfair and deceptive trade practices in violation of section

---

[14]   *See* Compl. ¶ 23.

[15]   *See id.* ¶ 27.

[16]   *Id.* ¶ 28.

[17]   *See id.* ¶ 29.

[18]   *See* Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 3.

4

349 of the New York General business law,"[19] unjust enrichment, and common law unfair competition.[20]

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[21] and "draw all reasonable inferences in plaintiff's favor."[22]  However, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[23]  To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[24]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[19]     Compl. ¶ 50.

[20]     *See id.* ¶ 3.

[21]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

[22]     *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[23]     *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

[24]     *Twombly*, 550 U.S. at 564.

reasonable inference that the defendant is liable for the misconduct alleged."[25]

Plausibility "is not akin to a probability requirement," rather, plausibility requires

"more than a sheer possibility that a defendant has acted unlawfully."[26]

When deciding a motion to dismiss under Rule 12(b)(6), the court is

normally required to consider only the allegations on the face of the complaint.

Even so, "[d]ocuments that are attached to the [complaint] or incorporated in it by

reference are deemed part of the pleading and may be considered."[27]  The court is

only allowed to consider documents outside the [complaint] if the documents are

integral to the pleading or subject to judicial notice.[28]

## B.    Preemption

The Copyright Act expressly provides for preemption of state law.[29]

In *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, the Second Circuit held;

> The Copyright Act *exclusively* governs a claim when: (1)
> the particular work to which the claim is being applied falls

---

[25]    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

[26]    *Id.* (quotation marks omitted).

[27]    *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

[28]    *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

[29]    *See* 17 U.S.C. § 301(a).

within the type of works protected by the Copyright Act . . . , and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law . . . . The first prong of this test is called the "subject matter requirement," and the second prong is called the "general scope requirement." . . . The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law. . . . [T]he state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim. . . . To determine whether a claim is qualitatively different, we look at "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced."[30]

The court takes a "restrictive view" of what qualifies as an extra element sufficient to shield the claim from copyright preemption.[31] Nevertheless, "a state law claim is qualitatively different if it requires such elements as breach of fiduciary duty, or possession and control of chattels."[32]

## C. State Law Claims

### 1. Breach of Contract

To establish breach of contract under New York law, a plaintiff must

---

[30]     *Briarpatch Ltd. v. Pheonix Pictures, Inc.*, 373 F.3d 296, 305-06 (2d Cir. 2004) (emphasis added) (citations omitted).

[31]     *Id.* at 306.

[32]     *Id.*

7

show "(1) the existence of an agreement, (2) adequate performance of the contract by the [claimant], (3) breach of contract by the [accused], and (4) damages."[33]  The claimant must allege the specific provisions of the contract upon which the breach of contract claim is based.[34]  A claim for breach of contract cannot be sustained simply by a conclusory statement that the accused breached a contract.[35]

### 2.    Conversion

"'Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property that interferes with and is in defiance of a superior possessory right of another in the property.'"[36]  When the original possession is lawful, "'conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property.'"[37]

---

[33]    *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation omitted).

[34]    *See Sheridan v. Trustees of Columbia Univ. in the City of New York*, 745 N.Y.S.2d 18, 19 (1st Dep't 2002); *Matter of Sud v. Sud*, 621 N.Y.S.2d 37, 38 (1st Dep't 1995).

[35]    *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

[36]    *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 53 (2d Cir. 1993) (quoting *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (4th Dep't 1981)).

[37]    *Id*. at 54 (quoting *Johnson v. Gumer*, 464 N.Y.S.2d 318, 319 (4th Dep't 1983)). *Accord Thyroff v. Nationwide Mut. Ins. Co.*, 360 F. App'x 179, 180

To maintain a claim for conversion, "a plaintiff must show: (1) 'legal ownership or an immediate superior right of possession to a specific identifiable thing' and (2) that the defendant 'exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.'"[38] A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations.[39]

### 3. Breach of Fiduciary Duty and an Accounting

"A fiduciary relationship exists under New York law when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."[40] "While 'it is not entirely clear when fiduciary duties arise out of a contractual relationship,' it is well-settled law that, 'a conventional business relationship does not create a fiduciary relationship in the

---

(2d Cir. 2010).

[38]    *Phansalkar v. Andersen Weinroth & Co.*, 175 F. Supp. 2d 635, 639 (S.D.N.Y. 2001) (quoting *Independence Disc. Corp. v. Bressner*, 365 N.Y.S.2d 44, 46 (2d Dep't 1975)), *vacated on other grounds*, 344 F.3d 184 (2d Cir. 2003).

[39]    *See Briarpatch Ltd. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 328 (S.D.N.Y. 2001).

[40]    *Flickinger v. Harold C. Brown & Co., Inc.*, 947 F.2d 595, 599 (2d Cir. 1991) (quotation marks and citation omitted).

absence of additional factors.'"[41]   "With respect to a fiduciary duty arising from a

contractual agreement, 'being a party to a contract does not itself impose a

fiduciary duty.  Rather, this duty must arise from 'a position of trust or special

confidence . . . that impose[s] obligations beyond the express agreements' between

the parties."[42]

          To state a claim for an accounting under New York law, a plaintiff

must show "(1) relations of a mutual and confidential nature; (2) money or

property entrusted to the defendant imposing upon him a burden of accounting; (3)

that there is no adequate legal remedy; and (4) in some cases, a demand for an

accounting and a refusal."[43]

### 4.    Section 349 of the General Business Law

          Section 349 of the New York General Business Law ("GBL") is a

consumer protection statute.  It creates a private right of action that protects

consumers from "[d]eceptive acts or practices in the conduct of any business, trade

---

[41]    *Faulkner v. Arista Records LLC*, 602 F. Supp. 2d 470, 482 (S.D.N.Y.
2009) (citation omitted).

[42]    *Poon v. Roomorama, LLC*, No. 09 Civ. 3224, 2009 WL 3762115, at
*3 (S.D.N.Y. Nov. 10, 2009) (citation omitted).

[43]    *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d
395, 411 (S.D.N.Y. 2009) (quotation marks and citation omitted).

or commerce or in the furnishing of any service in this state . . . ."[44]  To state a

claim under section 349, plaintiff must allege that "(1) the defendant's deceptive

acts were directed at consumers, (2) the acts are misleading in a material way, and

(3) the plaintiff has been injured as a result."[45]

"'[C]orporate competitors . . . have standing to bring a claim under

[section 349] so long as some harm to the public at large is at issue.'"[46]  However,

"'the gravamen of the complaint must be consumer injury or harm to the public

interest.'  The critical question, then, is whether the matter affects the public

interest in New York, not whether the suit is brought by a consumer or a

competitor."[47]

### 5.  Unjust Enrichment

To prevail on an unjust enrichment claim, "plaintiff must establish (1)

that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and

---

[44]     N.Y. Gen. Bus. Law § 349(h), (a).  *See also Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 344 (1999).

[45]     *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

[46]     *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (quoting *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 786 F. Supp. 182, 215 (E.D.N.Y.), *vacated in part on other grounds*, 973 F.2d 1033 (2d Cir. 1992)).

[47]     *Id.* (quoting *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y.1988)).

good conscience require restitution."[48]

### 6.    Unfair Competition

"The essence of unfair competition under New York common law is 'the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods.'"[49]   "In a common law unfair competition claim under New York law, the plaintiff must show either actual confusion in an action for damages or a likelihood of confusion in an action for equitable relief."[50]  A claim of unfair competition also requires evidence of defendant's bad faith.[51]

### D.    Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of

---

[48]    *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quotation marks and citation omitted).  *Accord Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

[49]    *Rosenfeld v. W.B. Saunders, a Div. of Harcourt Brace Jovanovich, Inc.*, 728 F. Supp. 236, 249-50 (S.D.N.Y. 1990) (quoting *Computer Assocs. Int'l, Inc. v. Computer Automation, Inc.*, 678 F. Supp. 424, 429 (S.D.N.Y. 1987), *aff'd*, 923 F.2d 845 (2d Cir. 1990)).

[50]    *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir. 1995).

[51]    *See Louis Vuitton Malletier v. Dooney & Bourke, Inc. (Vuitton I)*, 340 F. Supp. 2d 415, 436 (S.D.N.Y. 2004), *vacated in part*, *Vuitton II*, 454 F.3d 108 (2d Cir. 2006).

course, a party may amend the party's pleading only by leave of court or by

written consent of the adverse party; and leave shall be freely given when justice

so requires."[52]  "[W]hether to permit a plaintiff to amend its pleadings is a matter

committed to the Court's sound discretion."[53]  However, the Supreme Court has

explained that

> [i]f the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be
> afforded an opportunity to test his claim on the merits.  In
> the absence of any apparent or declared reason — such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of amendment, etc. — the leave sought should, as
> the rules require, be "freely given."[54]

Accordingly, "'[i]t is the usual practice upon granting a motion to dismiss

to allow leave to replead.'"[55]

---

[52]    *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir.
2006) (quotation marks omitted).

[53]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.
2007) (quotation marks omitted).

[54]    *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *Accord Jin v.
Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[55]    *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2002 WL 193157, at *6
(S.D.N.Y. Feb. 6, 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949
F.2d 42, 48 (2d Cir. 1991)).  *Accord Hayden v. County of Nassau*, 180 F.3d 42, 53
(2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant
leave to amend the complaint.").

## III.   DISCUSSION

### A.   Stadt's Breach of Contract Claim Is Not Preempted

Fox argues that Stadt's breach of contract claim is preempted under the Copyright Act.[56] The subject matter requirement for preemption is clearly met, as the License Agreement concerns a type of work, an original video, protected by the Copyright Act.  As to the general scope requirement, Stadt asserts that Fox's continued use of the "Fox Business Exclusive" credit following expiration of the Extension Agreement constitutes an additional, independent breach of the Agreement and thus provides an extra element that renders his breach of contract claim qualitatively different from a claim for copyright infringement.[57]  Fox contends that this extra element must fail because Fox could not possibly have breached either agreement through its use of the credit, and that Stadt can only allege breach based on Fox's unauthorized use of the Video after the Extension Agreement expired.[58]  Because this latter breach is essentially an allegation of copyright infringement, Fox asserts that Stadt's contract claim is preempted.[59]

---

[56]    *See* Def. Mem. at 4-5.

[57]    *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp. Mem.") at 6-7.

[58]    *See* Def. Mem. at 9-10.

[59]    *See id.* at 10.

14

Although Fox correctly asserts that preemption would bar a breach of contract claim in which the sole allegation of breach was that defendant used plaintiff's copyrighted work without authorization,[60] Stadt has alleged breach based on more than unauthorized use. The Complaint states that Fox breached by using the "Fox Business Exclusive" credit on the Video in violation of the parties' agreement,[61] and the use of such credits is not expressly governed by the Copyright Act. Thus, because Stadt has adequately pleaded breach of contract based on this provision, Stadt has pleaded an extra element sufficient to survive preemption.

Stadt states a valid claim for breach of contract based on use of the credit. Accepting as true the allegation that Stadt granted Fox the right to use the

---

[60]     Stadt cites several cases that suggest that breach of contract claims are never preempted because the promise necessary to create an enforceable contract itself constitutes the "extra element" that saves the claim from preemption. *See Logicom Inclusive Inc. v. W.P. Stewart & Co.*, No. 04 Civ. 0604, 2004 WL 1781009, at * 18 (S.D.N.Y. Aug. 10, 2004); *Architectronics, Inc. v. Control Systems, Inc.*, 935 F. Supp. 425, 441 (S.D.N.Y. 1996). However, the weight of authority in the Southern District rejects a categorical rule and supports finding preemption in those cases in which the breach of contract claim is based solely on the defendant's failure to respect those rights already protected by the Copyright Act. *See, e.g., Broadvision Inc. v. General Elec. Co.*, No. 08 Civ. 1489, 2008 WL 4684114, at *4 (S.D.N.Y. Oct. 15, 2008); *Price v. Fox Entm't Group, Inc.*, 473 F. Supp. 2d 446, 460-61 (S.D.N.Y. 2007); *Tannenbaum v. Corbis Sygma*, No. 02 Civ. 5066, 2002 WL 31778813, at *3 (S.D.N.Y. Dec. 12, 2002).

[61]     *See* Compl. ¶ 25.

credit in consideration of Fox's payment and promise to stop using the Video upon expiration of the License Agreement,[62] the Complaint plausibly alleges that Fox's continued use of the credit was a material breach of the parties' agreement.[63]

## B.     Stadt's Unjust Enrichment and Unfair Competition Claims Are Preempted

### 1.     Unjust Enrichment

In alleging that Fox was unjustly enriched through its unauthorized use of the Video, Stadt seeks to vindicate a right clearly within the general scope of the Copyright Act – namely, the exclusive right to reproduce the Video. Although a claim for unjust enrichment additionally requires that the defendant be enriched, the Second Circuit and courts in this district have consistently held that this enrichment element does not suffice to shield an unjust enrichment claim from preemption when the claim arises from unauthorized use of a copyrighted work.[64]

---

[62]     *See id.* ¶ 16.

[63]     Fox's assertion that it never breached this provision goes to the merits of Stadt's claim and cannot be decided at this stage. *See* Def. Mem. at 9; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Reply Mem.") at 1-2.

[64]     *See Briarpatch*, 373 F.3d at 306; *Broadvision*, 2008 WL 4684114, at *5; *Gusler v. Fischer*, 580 F. Supp. 2d 309, 316-17 (S.D.N.Y. 2008); *Logicom*, 2004 WL 1781009, at *18. *CVD Equip. Corp. v. Precisionflow Techs., Inc.*, No. 02 Civ. 651, 2007 WL 951567 at *2 (N.D.N.Y. 2007), the sole case on which Stadt relies, is contrary to the Second Circuit's decision in *Briarpatch* and to the weight of authority in the Southern District.

Stadt's unjust enrichment claim is therefore preempted under section 301 of the Copyright Act.

### 2.    Unfair Competition

Stadt's unfair competition claim appears to center on the allegation that when using the Video after the expiration of the License Agreement, Fox falsely presented the Video as its own by using the "Fox Business Exclusive" credit.[65] This is essentially a claim of "reverse passing off" – that is, a claim that the defendant misrepresented the plaintiff's work as its own.[66] However, reverse passing off does not constitute an extra element for preemption purposes because it is essentially a claim for unauthorized use of copyrightable material.[67] Stadt's unfair competition claim is therefore preempted under section 301.[68]

---

[65]    The Complaint does not state this argument directly, but it is addressed in the briefs and can be inferred from the Complaint itself. *See* Opp. Mem. at 19; Reply Mem. at 8-9.

[66]    *See Colour & Design v. United States Vinyl Mfg. Corp.*, No. 08 Civ. 8332, 2005 WL 1337864, at *6 (S.D.N.Y. June 3, 2005).

[67]    *See id.*; *see also Medical Educ. Dev. Servs., Inc. v. Reed Elsevier Group, PLC*, No. 05 Civ. 8665, 2008 WL 4449412, at *13 (S.D.N.Y. Sept. 30, 2008); *Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F. Supp. 2d 291, 297 (S.D.N.Y. 2007).

[68]    Of the cases Stadt cites in support of an alternative conclusion, *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 847 (S.D.N.Y. 2000), was a case of direct passing off, which is not preempted. *Samara Bros. v. Wal-Mart Stores, Inc.*, 165 F.3d 120 (2d Cir. 1998), *rev'd on other grounds*, 529 U.S. 205 (2000),

### C.    Stadt's Remaining State Law Causes of Action Fail to State a Claim

#### 1.    Conversion

Stadt's conversion claim stems from Fox's alleged failure to return

the physical "Original Master DVD Tapes" containing the Video.[69]  However, the

Complaint does not allege that Fox refused to return the tapes upon Stadt's

demand or that Fox disposed of the tapes.[70]  As demand for return and a refusal are

required to state a claim for conversion under New York law,[71] Stadt fails to state

a claim for conversion.

---

and *Too, Inc. v. Kohls Dep't Stores, Inc.*, 210 F. Supp. 2d 402 (S.D.N.Y. 2002),
were both decided prior to the Supreme Court's decision in *Dastar Corp. v.
Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). *Dastar* held that reverse
passing off claims were the proper domain of copyright law, and subsequent
Southern District unfair competition decisions have held that reverse passing off
claims are preempted, *see, e.g.*, *Colour & Design*, 2005 WL 1337864, at *6;
*Integrative Nutrition*, 476 F. Supp. 2d at 297.  In addition to dismissing the unfair
competition claim on the ground of preemption I note that Stadt has failed to
allege actual or likely consumer confusion.

[69]     *See* Opp. Mem. at 12.

[70]     Stadt's Memorandum of Law argues that the Amended Complaint
itself constitutes a demand for a return. *See* Opp. Mem. at 12.  Even if I accept
this argument, the Complaint stills fails to allege that Fox has refused to return the
tapes following a demand from Stadt.

[71]     *See Schwartz*, 984 F.2d at 54.

## 2.    Breach of Fiduciary Duty and an Accounting

Stadt's claim of breach of fiduciary duty and his request for an accounting fail because the Complaint does not allege adequate facts to suggest that the parties were in a relationship of sufficient trust and confidence to create either a fiduciary duty or a confidential relationship.[72] To support the contention that "Fox owed Stadt a fiduciary duty,"[73] the Complaint alleges that Stadt and Fox "entered [into] a confidential relationship"[74] and that "Fox acknowledged that Stadt was vulnerable and dependent."[75] Stadt offers no support for these conclusory statements. While the allegation of a confidential relationship appears to be based on paragraph 6 of the License Agreement, in which the parties agreed

---

[72]    *See Poon*, 2009 WL 3762115, at *3 ("[I]n order to survive a motion to dismiss a claim for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship.") (quoting *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 530 F. Supp. 2d 486, 504 (S.D.N.Y. 2007)).

[73]    Compl. ¶ 44.

[74]    *Id.* ¶ 39.

[75]    *Id.* ¶ 42. Stadt does not give any context or explanation for the assertion that Fox acknowledged Stadt as "vulnerable and dependent." *See* Compl. ¶¶ 39-47. The statement is followed by a description of paragraph 4 of the License Agreement, which releases Stadt from liability stemming from Fox's use of the Video. *See* License Agreement ¶ 4. However, Stadt offers no explanation for why this seemingly typical contract provision is an acknowledgment of Stadt's vulnerability or dependence.

19

not to disclose the details of their agreement to third parties,[76] this provision does not, by itself, suggest that the parties had "relations of a mutual and confidential nature."[77] Rather, this term appears as part of, and is consistent with, a standard licensing agreement between two parties engaged in an arms length transaction.

In short, the Complaint alleges insufficient facts to establish that Stadt and Fox had a fiduciary relationship, as opposed to a typical, arms length business relationship.[78] Stadt thus fails to state a claim for breach of fiduciary duty and an accounting.

### 3.    Section 349 of the General Business Law

Stadt fails to allege the elements necessary to state a claim under section 349 of the GBL. Most importantly, the Complaint fails to allege that Fox's

---

[76]    *See* License Agreement ¶ 6.

[77]    *IMG Fragrance*, 679 F. Supp. 2d at 411(quotation marks and citation omitted).

[78]    Stadt cites *Stewart v. World Wrestling Fed'n Entm't Inc.*, No. 03 Civ. 2468, 2005 WL 66890 (S.D.N.Y. Jan. 11, 2005), for the proposition that an allegation that the parties agreed in writing to keep their relationship confidential suffices to state a claim for breach of fiduciary duty at the motion to dismiss stage. *See* Opp. Mem. at 13. This reliance is misplaced, however, because the court in *Stewart* based its holding on the "repeated in-person contacts between plaintiff and defendant and the apparent cooperative effort between them," and not on a written agreement to keep their relationship confidential. *Stewart*, 2005 WL 66880, at *4. The presence of a written agreement was irrelevant to the holding, as the parties did not have a written agreement. *See id.* at *1.

20

actions harmed consumers or the public interest in any material respect.[79] As "the

gravamen of the [section 349 claim] must be consumer injury or harm to the public

interest," this is fatal to Stadt's claim.[80] Stadt's sole allegation of consumer harm

is that "Fox fraudulently and falsely represented to and mislead [sic] the public

and others that the Video was a 'Fox Business Exclusive.'"[81] Not only does the

Complaint lack any allegations as to how consumers were harmed by Fox's

"misleading" behavior, but allegations of consumer confusion are generally not

sufficient consumer harm to state a section 349 claim.[82] Stadt therefore fails to

state a claim under section 349 of the GBL.

### D.    Leave to Replead

Stadt cannot restate his unjust enrichment and unfair competition

claims in a manner that would save them from preemption. The underlying

conduct that gives rise to each claim is identical to the conduct giving rise to

Stadt's copyright infringement claim. Neither the enrichment element of Stadt's

unjust enrichment claim nor the "reverse passing off" element of his unfair

---

[79]    Stadt also fails to allege that Fox's misrepresentation was misleading
in a material way. *See Maurizio*, 230 F.3d at 521.

[80]    *Securitron*, 65 F.3d at 264.

[81]    Compl. ¶ 49.

[82]    *See LBB Corp. v. Lucas Distrib., Inc.*, No. 08 Civ. 4320, 2008 WL
2743751, at *3 (S.D.N.Y. Jul. 14, 2008).

competition claim suffices to render the claims "qualitatively different" from a claim for copyright infringement.[83] Because an amended complaint cannot cure these defects, Stadt may not replead his claims for unjust enrichment and unfair competition.

Nor may Stadt replead his claims for breach of fiduciary duty and an accounting and deceptive business practices in violation of section 349 of the GBL. Although Rule 15(a) sets a liberal standard for granting leave to replead, such leave should be denied if amendment would be futile.[84] Here, the core facts underlying the Complaint will not support these causes of action, regardless of how Stadt rephrases his allegations. Stadt's relationship with Fox was not marked by any extraordinary characteristics that would transform their contractual relationship into a fiduciary relationship. Further, Fox's conduct harmed Stadt alone; it has no plausible bearing on consumers or the public interest, as needed to maintain a section 349 claim. Accordingly, amendments to these claims would be futile.

Stadt cannot currently state a claim for conversion because he has yet to demand return of the physical copies of the Video and Fox has yet to refuse.

---

[83]     *See Briarpatch*, 373 F.3d at 305.

[84]     *See, e.g.*, *Fuji Photo Film U.S.A., Inc. v. McNulty*, 640 F. Supp. 2d 300, 322 (S.D.N.Y. 2009).

22

However, as these events may yet occur, Stadt may be able to state a claim for conversion in the future and thus may replead his conversion claim.

## IV.   CONCLUSION

For the reasons set forth above, Fox's motion to dismiss the breach of contract claim is denied.  Fox's motion to dismiss the breach of fiduciary duty and an accounting, section 349, unjust enrichment, and unfair competition claims is granted.  These claims are dismissed with prejudice.  Fox's motion to dismiss the conversion claim is granted, and this claim is dismissed with leave to replead.  The Clerk of the Court is directed to close this motion (Docket No. 68).  A conference has been scheduled for November 15, 2010 at 4:30 pm in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 21, 2010

23

**- Appearances -**

**For Plaintiff**:

Richard A. Hubell, Esq.
Hubell & Associates LLC
100 Park Avenue, 20th Floor
New York, New York 10017
(212) 682-7195

**For Defendant:**

Lee Levine, Esq.
Christopher P. Beall, Esq.
Amanda M. Leith, Esq.
Levine Sullivan Koch & Schulz, LLP
321 West 44th Street, Suite 510
New York, New York 10036
(212) 850-6100

24